Processed
JUN 07 2010


JUN 01 2010

SLS Loan #: ▮▮▮▮▮  Investor #: ▮▮▮▮▮
Investor Loan #: ▮▮▮▮▮

# LOAN MODIFICATION AGREEMENT
## ON BALLOON MORTGAGE – (INTEREST ONLY)

This Loan Modification Agreement (this "Agreement"), made and effective May 21, 2010 between KHALD HAYAT ("Borrower") and Specialized Loan Servicing LLC ("Servicer"), amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") dated September 7, 2006 and recorded in public records of the county in which the property is located, and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at:

530 ROCKY MTN
EFFORT, PA 18330

For purposes of this Agreement, unless the context clearly requires otherwise, all capitalized terms which are used but not otherwise defined herein shall have the respective meanings assigned to such terms in the Note or Security Instrument.

In consideration of the mutual promises and agreements exchanged, Servicer and Borrower agree as follows (notwithstanding anything to the contrary contained in the Note and Security Instrument):

1. As of May 1, 2010, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $457,184.94. Effective May 1, 2010 the Unpaid Principal Balance will be $463,972.47 (the "Modified Unpaid Principal Balance"). The amount capitalized is $6,787.53 consisting of the amount(s) loaned to Borrower by the current or previous Note Holder and any interest capitalized to date, with a breakdown as follows:

   a. Unpaid Interest        $0.00
   b. Escrow Advances        $0.00
   c. Corporate Advances     $6,787.53

2. The amount to be written off is $0.00 consisting of the amount(s) loaned to Borrower by the current or previous Note Holder and any interest capitalized to date, with a breakdown as follows:

   a. Principal Balance      $0.00
   b. Unpaid Interest        $0.00
   c. Corporate Advances     $0.00

3. The amount deferred is $9,524.70 consisting of the amount(s) loaned to Borrower by the current or previous Note Holder and any interest capitalized to date, with a breakdown as follows:

   a. Unpaid Interest        $9,524.70
   b. Corporate Advances     $0.00

4. Borrower promises to pay the Modified Unpaid Principal Balance, plus interest, to the order of the Note Holder. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 5.000% from May 1, 2010.

   Borrower promises to make monthly payments of interest only of $1,933.22 beginning on June 1, 2010, and continuing thereafter on the same day of each succeeding month through the August 2013 payment.

   Borrower promises to make monthly payments of principal and interest of $2,392.33 beginning on September 1, 2013, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full.

   If on October 1, 2036 (the "Balloon" or "Modified Balloon Date"), Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Balloon Date.

5. Borrower will make such payments at PO Box 105219 Atlanta, GA. 30348-5219 Attn: Remittance Processing or at such other place as the Note Holder may require.

6. Borrower will also comply with all other covenants, agreements, and requirements of the Security Instrument, including, without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds and other payments that Borrower is obligated to make under the terms of the Security Instrument. The original loan documents may have included Riders for unique ARM, Interest Only and Conversion features. The Rider terms and features remain in effect unless otherwise modified by this Agreement.

7. Borrower agrees to execute such other and further documents as may be reasonably necessary to consummate the transaction contemplated herein or to perfect the lien and security interest intended to secure the payment of the loan evidenced by the Note.

8. This Agreement, when executed, shall be binding and inure to the heirs, executors, administrators and assigns of Borrower.

9. In the event Borrower's personal liability under the Note has been discharged in a Chapter 7 Bankruptcy, notwithstanding anything in this Agreement to the contrary, including, without limitation the provisions in the preceding paragraph, Borrower and Note Holder acknowledge and agree that Borrower's personal liability under the Note has been discharged in a Chapter 7 Bankruptcy and that this Agreement shall not be construed as: (1) an attempt by Note Holder to collect the underlying debt from Borrower's personal assets; and/or (2) as a violation of the post-discharge injunction set forth in 11 U.S.C. Section 524. On the contrary, Borrower and Note Holder desire to modify the underlying loan terms in order to facilitate Borrower's full compliance with the terms of the Note and Security Instrument.

10. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Note Holder will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

11. If all or any part of the Property or any interest in the Property is sold or transferred without Servicer's prior written consent, Servicer may require immediate payment in full of all sums secured by the Security Instrument. If Servicer exercises this option, Servicer shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with the terms of the Security Instrument, within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Servicer may invoke any remedies permitted by the Security Instrument without further notice to or demand on Borrower.

SLS Loan #: █████████       Investor #: █████████
                              Investor Loan #: █████████

In Witness Whereof, Servicer and Borrower have executed this Agreement.

_____   5/28/10
KHALD HAYAT                        Date


Specialized Loan Servicing LLC, as Servicer

By: _____
    Name Printed
    Title:
            Susan Miller
            Vice President
            Cash Operations